FILED
3/5/19 3:08 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

GARY L. FLEMING, SR. : Case No. 19-20486-TPA
    *Debtor(s)* : Chapter 11
 :
GARY L. FLEMING, SR. :
    *Movant* :
 :
v. : Related to Document No. 9
 :
NO RESPONDENT :

## ORDER APPROVING COUNSEL FOR THE DEBTOR

*AND NOW,* this **5th** day of **March, 2019**, upon consideration of the *Motion to Employ Counsel for Debtor* filed at Document No. 9, it is **ORDERED, ADJUDGED and DECREED** as follows:

(1) **Christopher M. Frye, Esq., and Steidl and Steinberg, P.C., Suite 2830, Gulf Tower, 707 Grant Street, Pittsburgh, Pennsylvania 15219** are hereby appointed, as of the date of filing the *Motion*, as Attorney(s) for Debtor in this bankruptcy proceeding for the reasons set forth in the *Motion*.

(2) Professional persons or entities performing services in the above case are advised that approval of fees for professional services will be based not only on the amount involved and the results accomplished, but other factors as well, including: the time and labor reasonably required by counsel, the novelty and difficulty of the issues presented, the skill requisite to perform the legal service properly, the preclusion of other employment due to acceptance of this case, the customary fee, whether the fee is fixed or contingent, the time limitations imposed by the client or the circumstances, the experience, reputation and ability of the attorneys involved, the undesirability of the case, the nature and length of the professional relationship with the client, and, awards in similar cases.

(3) Approval of any motion for appointment of counsel in which certain fees are requested for various identified professionals is not an agreement by the Court to allow such fees at the requested hourly rates, and is not a preapproval of compensation pursuant to *11 U.S.C. §328(a)*. Final compensation, awarded only after notice and hearing, may be more or less than the requested hourly rates based on application of the above-mentioned factors in granting approval by Court Order. *Any retainer paid to the Attorney is unaffected by this Order and remains property of the Estate until further order of Court.*

(4) Notwithstanding anything to the contrary in the letter of engagement or agreement between Movant and the Attorney, this *Order* does not authorize the Attorney to retain or pay any outside counsel or other professional to assist Attorney in this matter unless such is done at no expense to Movant, directly or indirectly. Any other retention of, and payment to, an outside counsel or other professional is subject to prior approval of the Court.

(5) *Movant shall serve the within Order on all interested parties and file a certificate of service.*

                                                          */s/ Thomas P. Agresti*         vas
                                                   Thomas P. Agresti, Judge
                                                   United States Bankruptcy Court

United States Bankruptcy Court
Western District of Pennsylvania

In re:  
Gary L. Fleming, Sr.  
     Debtor

Case No. 19-20486-TPA  
Chapter 11

## CERTIFICATE OF NOTICE

District/off: 0315-2      User: lfin      Page 1 of 1      Date Rcvd: Mar 05, 2019  
                          Form ID: pdf900      Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 07, 2019.  
db         +Gary L. Fleming, Sr.,   520 Thorn St.,   Sewickley, PA 15143-1533

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                         TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 07, 2019                                            Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 5, 2019 at the address(es) listed below:

        Brian M. Kile    on behalf of Creditor    Key Bank, N.A. bkile@grenenbirsic.com, mcupec@grenenbirsic.com;lstanger@grenenbirsic.com  
        Christopher M. Frye    on behalf of Debtor Gary L. Fleming, Sr. chris.frye@steidl-steinberg.com, julie.steidl@steidl-steinberg.com;todd@steidl-steinberg.com;leslie.nebel@steidl-steinberg.com;cgoga@steidl-steinberg.com;r53037@notify.bestcase.com;rlager@steidl-steinberg.com;kmeyers@steidl-steinberg.com  
        Keri P. Ebeck    on behalf of Creditor    Duquesne Light Company kebeck@bernsteinlaw.com, DMcKay@bernsteinlaw.com  
        Larry E. Wahlquist    on behalf of U.S. Trustee    Office of the United States Trustee larry.e.wahlquist@usdoj.gov  
        Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov  
                                                                                          TOTAL: 5