FILED
8/22/19 4:30 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| GARY L. FLEMING, SR. | : | Case Number 19-20486 TPA |
| *Debtor* | : | |
| | : | |
| GARY L. FLEMING, SR. | : | Related to Document No. 86 |
| *Movant* | : | |
| v. | : | |
| NO RESPONDENTS | : | |

### ORDER CONVERTING CASE UNDER CHAPTER 11
### TO CASE UNDER CHAPTER 7

The Debtor-In-Possession has filed a motion in accordance with *11 U.S.C. §1112(a)*, seeking to convert this case to a case under Chapter 7 of the *Bankruptcy Code (Title 11* of the *United States Code.)* The Court finds that the case is not an involuntary case originally commenced under Chapter 11 and that the case has not been converted to a case under Chapter 11 on other than the Debtor's request.

*effective September 22, 2019*

**AND NOW**, this **22nd** day of **August, 2019** it is **ORDERED, ADJUDGED and DECREED** that:

(1)    This Chapter 11 case is **CONVERTED** to a case under Chapter 7.

(2)    The Debtor-In-Possession, for the period in which it operated the business and, the Chapter 11 Trustee for the period in which it operated the business shall:

(a)    *forthwith* turn over to the Chapter 7 Trustee all records and property of the estate under its custody and control as required by Bankruptcy Rule 1019(4);

(b)    *within 14 days* of the date of this Order, file a schedule of all unpaid debts incurred after the commencement of the Chapter 11 case, as required by Bankruptcy Rule 1019(5), and a list of all post-petition claimants with their names and addresses. *The Clerk shall reject for filing any list of claimants which is not filed in matrix format*;

(c)    *within 14 days* of the date of this order, file a Financial Report (or reports) covering the period from the last filed financial report through the date of Conversion; and,

(d)    *within 30 days* of the date of this Order, file an accounting of all receipts and distributions made;

(e)    *it is Counsel for Debtor's responsibility to insure that the above reports are timely filed and failure to do so may result in sanctions against counsel. See paragraph 6 below.*

(3)    *Within 14 days* of the date of this *Order,* the Debtor shall file the *Statements* and *Schedules* required by *Bankruptcy Rules 1019(1)(A) & 1007(b),* if such documents have not already been filed.

(4)    If the case is Converted after the Confirmation of a Plan, *within 30 days* of the date of this Order, the Debtor shall file a:

(a)    *Schedule of all property* not listed in the *Final Report and Account* of the Debtor-In-Possession or Chapter 11 Trustee which was acquired after the commencement of the Chapter 11 case but before the entry of this Conversion Order;

(b)    *Schedule of Executory Contracts and Unexpired Leases entered* into or assumed after the commencement of the Chapter 11 case but before the entry of this Conversion Order;

(c)    *Schedule of Unpaid Debts* not listed in the *Final Report and Account* of the Debtor-In-Possession or Chapter 11 Trustee which were incurred after the commencement of the Chapter 11 case but before the entry of this Conversion Order, as required by *Bankruptcy Rule 1019(5)*;

(d)    *Statement of Intention* with respect to retention or surrender of property securing consumer debts, as required by *11 U.S.C. §521(2)(A)* and *Bankruptcy Rule 1019(1)(B),* and conforming to *Official Form 8.*

It is ***FURTHER ORDERED*** that the Clerk shall send the notice required by *Bankruptcy Rule 1019(6)*. If the report per Paragraph 2(b) is filed in time for the Clerk to include post-petition creditors in the *§341 Notice* mailing, the Clerk shall so include the post-petition creditors in that mailing. If the report per Paragraph 2(b) is not filed in time for inclusion of the post-petition creditors in the *§341 Notice* mailing, the Clerk shall send, within ten (10) days of the filing of the Paragraph 2(b) report, the notice required by *Bankruptcy Rule 1019(6)*.

2

It is **FURTHER ORDERED** that *within forty-five (45) days* hereof all Chapter 11 fee petitions by any professional shall be filed with the Clerk of the Bankruptcy Court. The fee petition shall be captioned "Chapter 11 Fee Petition in Converted Case" and shall designate the case number as "Bankruptcy No. 19-20486 TPA" and the hearing shall be scheduled on Judge Agresti's motions calendar.

It is **FURTHER ORDERED** Counsel for Debtor shall **immediately** serve a copy of this *Order* on any professional of record in the above case and shall file a certificate of service with the Clerk of the Bankruptcy Court within ten (10) days hereof.

Thomas P. Agresti, Judge
United States Bankruptcy Court

The Court's Case Administrator Sent a Copy of This Order to:
    Christopher M. Frye, Esq.
    Office of the United States Trustee
    Gary L. Fleming, Sr.

3

United States Bankruptcy Court
Western District of Pennsylvania

In re:
Gary L. Fleming, Sr.
      Debtor

Case No. 19-20486-TPA
Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0315-2       User: lfin           Page 1 of 1           Date Rcvd: Oct 01, 2019
                                     Form ID: pdf900        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 03, 2019.
db            #+Gary L. Fleming, Sr.,    520 Thorn St.,    Sewickley, PA 15143-1533

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                     TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.

Date: Oct 03, 2019                               Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 1, 2019 at the address(es) listed below:
        Anthony T. Kovalchick    on behalf of Creditor Dep't of Revenue  Office of Attorney General
        akovalchick@attorneygeneral.gov
        Brian M. Kile    on behalf of Creditor     Key Bank, N.A. bkile@grenenbirsic.com,
        mcupec@grenenbirsic.com;lstanger@grenenbirsic.com
        Brian Thomas Langford    on behalf of Creditor     Key Bank, N.A. PitEcf@weltman.com,
        PitEcf@weltman.com
        Christopher M. Frye    on behalf of Debtor Gary L. Fleming, Sr. chris.frye@steidl-steinberg.com,
        julie.steidl@steidl-steinberg.com;todd@steidl-steinberg.com;leslie.nebel@steidl-steinberg.com;cgo
        ga@steidl-steinberg.com;r53037@notify.bestcase.com;rlager@steidl-steinberg.com;kmeyers@steidl-ste
        inberg.com
        James  Warmbrodt    on behalf of Creditor     Toyota Lease Trust bkgroup@kmllawgroup.com
        Jeffrey R. Hunt    on behalf of Creditor    Borough of Sewickley jhunt@grblaw.com,
        cnoroski@grblaw.com
        Jeffrey R. Hunt    on behalf of Creditor    County of Allegheny jhunt@grblaw.com,
        cnoroski@grblaw.com
        Jeffrey R. Hunt    on behalf of Creditor    Quaker Valley School District jhunt@grblaw.com,
        cnoroski@grblaw.com
        Jeffrey R. Hunt    on behalf of Creditor    School Borough of Glen Osborne jhunt@grblaw.com,
        cnoroski@grblaw.com
        Karina  Velter    on behalf of Creditor    JPMorgan Chase Bank, N.A. amps@manleydeas.com
        Keri P. Ebeck    on behalf of Creditor    Duquesne Light Company kebeck@bernsteinlaw.com,
        jbluemle@bernsteinlaw.com
        Larry E. Wahlquist    on behalf of U.S. Trustee    Office of the United States Trustee
        larry.e.wahlquist@usdoj.gov
        Michael W. Sloat    on behalf of Creditor    Farmers National Bank mike@lkslaw.us,  scott@lkslaw.us
        Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
        Richard J. Parks    on behalf of Creditor Bohdan W. Stone rjp@pietragallo.com,
        ms@pietragallo.com;jk@pietragallo.com
        Rosemary C. Crawford    crawfordmcdonald@aol.com,  PA68@ecfcbis.com

                                                   TOTAL: 16